UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG - 1 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| DAVONTA MELVIN ROWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1182 |
| | ) | |
| UNITED STATES SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

According to the plaintiff, she handed over her identification card upon entry to the Superior Court of the District of Columbia on July 5, 2013. *See* Compl. She alleges that the defendant is "thereby 'GUILTY' of . . . 'LIBEL and SLANDER' and 'Defamation,'" as well as violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. *Id.* (emphasis in original). She demands "six billion dollars in damages, interests and costs, malpractice, without due process of law[.]" *Id.*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to



relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor,* 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals. The complaint fails to set forth sufficient factual allegations to support a claim that showing an identification card to court staff amounts to a violation of constitutionally protected rights or defamation. Accordingly, the Court will dismiss the complaint.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Ellen S Huck
United States District Judge

DATE: 7/24/13